IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, )
)
Plaintiff )
) 8:09mc91
v. ) Civ. Action No.
)
ECC PARTNERS, L.P. )
)
Defendant )

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for ECC Partners, L.P. ("ECC Partners" or "Fund"). The Court, being fully advised in the merits and having been informed that ECC Partners does not challenge entry of this Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of ECC Partners and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of ECC Partners ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of ECC Partners' assets and satisfying the claims of creditors thereon in the order of priority as determined by this Court. The Receiver is also authorized to sell or transfer the interest of SBA, the federal agency, and/or the interests of other limited

576056v2

partners in the Fund, provided the Receiver has obtained the express prior written consent of the parties whose interests are to be sold or transferred.

2. The Receiver shall assume and control the operation of ECC Partners and shall pursue and preserve all of its claims. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of ECC Partners under applicable state and federal law, by the Agreement of Limited Partnership of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of ECC Partners are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to ECC Partners' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The former management and any former employees or agents of ECC Partners dismissed by this Order may, at the Receiver's discretion, be retained by the Receiver to assist the Receiver with any activities the Receiver deems necessary and appropriate. Such former managers, employees or agents may be compensated for such activities, as approved by the Receiver, from the receivership estate

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to ECC Partners. The past and/or present general partner(s), managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of ECC Partners, as well as all those acting in their place, are

hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to ECC Partners and all of ECC Partners's assets and all other assets and property of the limited partnership, whether real or personal. ECC Partners shall furnish a written statement within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of ECC Partners, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of ECC Partners, as well as the names, addresses and amounts of claims of all known creditors of ECC Partners. Within thirty (30) days following the entry of this Order, ECC Partners shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of ECC Partners are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general partner(s), managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of ECC Partners, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to ECC Partners shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if ECC Partners had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of ECC Partners, to

utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, with the exception of real estate

6. ECC Partners's past and/or present general partners, managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to ECC Partners. In the event that the Receiver deems it necessary to require the

appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure. Further, without the Receiver's prior consent no portfolio concern of ECC Partners shall alter, amend or otherwise affect any right or remedy of ECC Partners under any existing contract, investment document, shareholder agreement, or other writing.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for ECC Partners, ECC Partners or any assets of ECC Partners, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of ECC Partners's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for ECC Partners, ECC Partners, or any assets of ECC Partners, including any subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of ECC Partners's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by

them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.  As to a cause of action accrued or accruing in favor of ECC Partners against a third person or party, any applicable statute of limitations is tolled to the extent allowed by law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. ECC Partners and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of ECC Partners to the detriment of ECC Partners or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661, et seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1, et seq.

11. The Receiver is authorized to borrow on behalf of ECC Partners, from the SBA, up to $1,000,000 and is authorized to cause ECC Partners to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at the rate of about 10%, and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of ECC Partners, excluding

excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of ECC Partners.

12. This Court determines and adjudicates that ECC Partners has committed a regulatory violation by having a condition of capital impairment as alleged in the Complaint filed against ECC Partners in the instant action, and that the Receiver is entitled to the relief requested in such Complaint. After completing its activities in accordance with this Order, the Receiver may request and recommend that ECC Partners's license as an SBIC be revoked.

**AGREED TO AND ACKNOWLEDGED THIS 22 DAY OF JULY, 2009:**

**UNITED STATES SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris, Director
Office of Liquidation

**ECC PARTNERS, L.P.**

By: ECC Capital, LLC, its General Partner

By: _____

Its: Managing Director

**SO ORDERED**

this 29 day of Sept, 2009.

_____
UNITED STATES DISTRICT COURT JUDGE